CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SALVADOR ALBERTO JIMENEZ MUNIZ,
*individually and on behalf of others similarly*
*situated,*

                                   *Plaintiff*,

                    -against-

F.T. MEAT CORP. (D/B/A FOOD FAIR
FRESH MARKET), BRONX 656 FOOD
CORP. (D/B/A KEY FOOD FRESH), and
KENT ALBERTO TAVERA,

                                   *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Salvador Alberto Jimenez Muniz ("Plaintiff Jimenez" or "Mr. Jimenez"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against F.T. Meat Corp. (d/b/a Food Fair Fresh

Market), Bronx 656 Food Corp. (d/b/a Key Food Fresh), ("Defendant Corporations") and Kent

Alberto Tavera, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

                              <u>**NATURE OF ACTION**</u>

        1.        Plaintiff Jimenez is a former employee of Defendants F.T. Meat Corp. (d/b/a Food

Fair Fresh Market), Bronx 656 Food Corp. (d/b/a Key Food Fresh), and Kent Alberto Tavera.

2.    Defendants own, operate, or control a supermarket, located at 1065 E 163rd St., Bronx, NY 10459 under the name "Food Fair Fresh Market" and at 656 Castle Hill Ave, Bronx, NY 10473 under the name "Key Food Fresh".

3.    Upon information and belief, individual Defendant Kent Alberto Tavera, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the supermarkets as a joint or unified enterprise.

4.    Plaintiff Jimenez was employed as a stock worker at the supermarkets located at 1065 E 163rd St., Bronx, NY 10459 and 656 Castle Hill Ave, Bronx, NY 10473.

5.    At all times relevant to this Complaint, Plaintiff Jimenez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.    Rather, Defendants failed to pay Plaintiff Jimenez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Defendants' conduct extended beyond Plaintiff Jimenez to all other similarly situated employees.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Jimenez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Jimenez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Jimenez's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiff Jimenez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Salvador Alberto Jimenez Muniz ("Plaintiff Jimenez" or "Mr. Jimenez") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Jimenez was employed by Defendants at Food Fair Fresh Market and Key Food Fresh from approximately 2000 until on or about July 28, 2022.

15.     Plaintiff Jimenez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants own, operate, or control a supermarket, located at 1065 E 163rd St., Bronx, NY 10459 under the name "Food Fair Fresh Market" and at 656 Castle Hill Ave, Bronx, NY 10473 under the name "Key Food Fresh".

17.     Upon information and belief, F.T. Meat Corp. (d/b/a Food Fair Fresh Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1065 E 163rd St., Bronx, NY 10459.

18.     Upon information and belief, Bronx 656 Food Corp. (d/b/a Key Food Fresh) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 656 Castle Hill Ave, Bronx, NY 10473.

19.     Defendant Kent Alberto Tavera is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kent Alberto Tavera is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kent Alberto Tavera possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jimenez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate supermarkets located in two neighborhoods in the Bronx.

21.    Individual Defendant, Kent Alberto Tavera, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff Jimenez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Jimenez, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff Jimenez (and all similarly situated employees) and are Plaintiff Jimenez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff Jimenez and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendant Kent Alberto Tavera operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations,

f)  intermingling assets and debts of his own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Jimenez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Jimenez's services.

28.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarkets on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Jimenez is a former employee of Defendants who was employed as a stock worker.

31.     Plaintiff Jimenez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Salvador Alberto Jimenez Muniz*

32.     Plaintiff Jimenez was employed by Defendants from approximately 2000 until on or about July 28, 2022.

33.     Defendants employed Plaintiff Jimenez as a stock worker.

34.     Plaintiff Jimenez regularly handled goods in interstate commerce, such as supermarket and other supplies produced outside the State of New York.

35.     Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Jimenez regularly worked in excess of 40 hours per week.

37.     From approximately August 2016 until on or about December 2016, Plaintiff Jimenez worked from approximately 8:00 a.m. until on or about 4:00 p.m. to 6:00 p.m., Mondays through Saturdays (typically 48 to 60 hours per week).

38.     From approximately January 2017 until on or about December 2017, Plaintiff Jimenez worked Food Fair Fresh Market location from approximately 7:00 a.m. until on or about 1:00 p.m., Mondays through Saturdays (typically 36 to 40 hours per week).

39.     From approximately January 2018 until on or about February 2020, Plaintiff Jimenez worked Food Fair Fresh Market location from approximately 7:00 a.m. until on or about 1:30 p.m., Mondays through Saturdays (typically 39 to 42 hours per week).

40.     From approximately March 2020 until on or about May 2020, Plaintiff Jimenez worked Key Food Fresh location from approximately 7:00 a.m. until on or about 1:30 p.m., Mondays through Saturdays (typically 39 to 42 hours per week).

41.     From approximately June 2020 until on or about July 28, 2022, Plaintiff Jimenez worked Food Fair Fresh Market from approximately 7:00 a.m. until on or about 1:30 p.m., Mondays through Saturdays (typically 39 to 42 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Jimenez his wages in cash.

43.     From approximately 2016 until on or about December 2019, Defendants paid Plaintiff Jimenez a fixed salary of $475 per week.

44.     From approximately January 2020 until on or about July 28, 2022, Defendants paid Plaintiff Jimenez $15.25 per hour.

45.     For approximately his last week of work, Defendants did not pay Plaintiff Jimenez any wages for his work.

46.     Plaintiff Jimenez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Jimenez to work an additional 1 to 2 hours past his scheduled departure time regularly, and did not pay him for the additional time he worked.

48.     Defendants never granted Plaintiff Jimenez any breaks or meal periods of any kind.

49.     Defendants took improper and illegal deductions of Plaintiff Jimenez's wages; specifically, Defendants deducted one to two hours from Plaintiff Jimenez' pay if he was late.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jimenez regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Jimenez an accurate statement of wages, as required by NYLL 195(3).

52.     Defendants did not give any notice to Plaintiff Jimenez, in English and in Spanish (Plaintiff Jimenez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

54.     Plaintiff Jimenez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants' pay practices resulted in Plaintiff Jimenez not receiving payment for all his hours worked, and resulted in Plaintiff Jimenez's effective rate of pay falling below the required minimum wage rate.

56.     Defendants habitually required Plaintiff Jimenez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants paid Plaintiff Jimenez his wages in cash.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Jimenez (and similarly situated individuals) worked, and to avoid paying Plaintiff Jimenez properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Jimenez and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff Jimenez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Jimenez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.     Plaintiff Jimenez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Jimenez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

66.     The claims of Plaintiff Jimenez stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

67.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Jimenez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Jimenez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Jimenez less than the minimum wage.

81.     Defendants' failure to pay Plaintiff Jimenez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

83.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Jimenez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Jimenez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

87.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to provide Plaintiff Jimenez with a written notice, in English and in Spanish (Plaintiff Jimenez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89.     Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

90.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Jimenez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

93.     Plaintiff Jimenez repeats and realleges all paragraphs above as though set forth fully herein.

94.     At all relevant times, Defendants were Plaintiff Jimenez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

95.     Defendants made unlawful deductions from Plaintiff Jimenez's wages; specifically, Defendants deducted one to two hours from Plaintiff Jimenez' pay regardless if he arrived late before the hour. .

96.     The deductions made from Plaintiff Jimenez's wages were not authorized or required by law.

97.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Jimenez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

98.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jimenez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Jimenez and the FLSA Class members;

(e)     Awarding Plaintiff Jimenez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Jimenez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Jimenez;

(j)     Awarding Plaintiff Jimenez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Jimenez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)     Awarding Plaintiff Jimenez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m)      Awarding Plaintiff Jimenez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jimenez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 11, 2022

CSM Legal, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 4, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Salvador Alberto Jimenez Muniz

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:      *Salvador Alberto Jimenez M*

Date / Fecha:          4 de agosto 2022

*Certified as a minority-owned business in the State of New York*